IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE LEE BURNS, JR.,

    Plaintiff,                                 CV F 05 1622 AWI WMW   P

    vs.                                           FINDINGS AND RECOMMENDATION

JANE OLMOS, et al.,

    Defendants.

       Plaintiff is an inmate at the Fresno County Jail proceeding pro se. Pending before the court is Plaintiff's July 14, 2006, first amended complaint.

       In the first amended complaint, Plaintiff names as defendants Deputy District Attorney Jane Olmos, along with several officials employed by Fresno County in the criminal justice system. Plaintiff also names judicial officers as defendants. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

       Plaintiff's complaint consists of a rambling complaint regarding his criminal process. Plaintiff does, however, articulate two central claims. Plaintiff's first claim is that he was convicted based upon a coerced confession. Plaintiff's second claim is that he was sentenced based upon a conviction that a jury found him not guilty of.

       When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a

writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).  Here, the gravamen of Plaintiff's complaint is the invalidity of his underlying conviction.   The thrust of Plaintiff's complaint is a challenge to the legality of Plaintiff's detention.  This action should therefore be brought as an application for a writ of habeas corpus.

Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas and addressing it on the merits.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).  Where the complaint alleges claims that sound in habeas and claims that do not, the court should allow the non-habeas claims to proceed.  See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681-82 (9th Cir. 1984).

Because Plaintiff is challenging the legality of his continued custody, this action should be dismissed without prejudice to the filing of a separate application for a writ of habeas corpus.  Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice to the filing of an application for a writ of habeas corpus.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** __July 31, 2006__        _____/s/  **William M. Wunderlich**_____
mmkd34                                                     UNITED STATES MAGISTRATE JUDGE