IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE LEE BURNS, JR.,

    Plaintiff,

vs.

JANE OLMOS, et al.,

    Defendants.

_____/

CV F 05 1622 AWI AWI WMW P

ORDER RE: FINDINGS & RECOMMENDATIONS (#16)

        Plaintiff is a Fresno County Jail inmate proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

        On August 1, 2006 findings and recommendations were entered, recommending dismissal of this action without prejudice to the filing of an application for a writ of habeas corpus. The court found that Plaintiff's claims challenged the validity of his conviction. The court specifically noted that a constitutional challenge that would entitle Plaintiff to an earlier release must be brought as a habeas petition. Preiser v. Rodriguez, 411 U.S. 475 (1973). Plaintiff claims that he was convicted based upon coerced confession and that he was sentenced based upon a conviction that a jury found him not guilty of.   Plaintiff was provided an opportunity to file objections within thirty days. On August 16, 2006, Plaintiff filed objections

1

to the findings and recommendations.

In his objections, Plaintiff indicates that he is proceeding with an application for a writ of habeas corpus. Plaintiff contends that this action should not be dismissed, as he is seeking monetary damages, not an earlier release. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court reviewed whether a prisoner could bring a section 1983 action to challenge his conviction. The Supreme Court recognized that section 1983 actions, like civil tort actions, are not appropriate vehicles to challenge the validity of outstanding criminal judgments if such a challenge necessarily requires the plaintiff to prove the unlawfulness of his conviction. Id. at 486. The Supreme Court concluded that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. at 486-87 (footnote omitted). Until such time as the plaintiff's conviction is invalidated, a cause of action under section 1983 for damages is not cognizable. See id. Because Plaintiff's allegations are a challenge to the validity of his conviction, this case must be dismissed, regardless of whether Plaintiff seeks an earlier release, because Plaintiff cannot show that his conviction has been overturned.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on August 1, 2006, are adopted in full; and

2. This action is dismissed without prejudice to Plaintiff's ability to pursue his claims in an application for writ of habeas corpus.

IT IS SO ORDERED.

**Dated:     December 30, 2006**                   **/s/ Anthony W. Ishii**
0m8i78                                             UNITED STATES DISTRICT JUDGE